

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**ENTERED**
**11/26/2013**

| | | |
|---|---|---|
| IN RE: | § | |
| OLGA ROIFE | § | **CASE NO: 10-34070** |
| Debtor(s) | § | |
| | § | **CHAPTER  13** |

### <u>MEMORANDUM OPINION</u>

Olga Roife's Objection to Notice of Post-Petition Mortgage Fees, Expenses and Charges (ECF No. 56) is sustained, in part, and overruled, in part.

### Background

Ms. Roife filed a voluntary chapter 13 petition on May 14, 2010.  Her plan was confirmed on July 23, 2010.  Section 7 of Ms. Roife's confirmed plan provides that Midfirst Bank will be paid in accordance with the parties' pre-petition contract.  ECF No. 2 at 4.  On June 20, 2013, Midfirst filed its Notice of Post-Petition Mortgage Fees, Expenses and Charges, pursuant to Bankruptcy Rule 3002.1(c).  ECF No. 55.  The Fee Notice provided for late charges in the amount of $142.26 and legal fees of $125.00.[1]  ECF No. 55 at 1.  On September 9, 2013, Ms. Roife filed an Objection to Notice of Post-Petition Mortgage Fees, Expenses and Charges and Motion for Determination of Fees, Expenses and Charges.  ECF No. 56.  Ms. Roife had the following objections:

1. Midfirst failed to properly itemize the claim and instead lumped fees together, failing to delineate the exact amounts incurred on respective dates;

2. Midfirst failed to show that it is entitled to collect post-petition legal fees on a claim that had not been accelerated prior to the commencement of the bankruptcy case;

---

[1] The Fee Notice provides that the late charges were incurred on 1/16/2013, 4/16/2013 and 5/16/2013. ECF No. 55 at 1.  The Fee Notice provides that the legal fees were incurred on 4/9/2013 and 6/20/2013. ECF No. 55 at 1.

3. Midfirst failed to provide bills, statements, fee slips or other documentation supporting that the fee was actually incurred, or is otherwise proper;

4. The legal fees should not include fees incurred in filing the April 9, 2013 Notice of Mortgage Payment Change and the June 20, 2013 Notice of Postpetition Fees;

5. Midfirst has failed to show that the fees were required to be paid in order to cure a default or maintain payments pursuant to 11 U.S.C. § 1322(b)(5).

Midfirst filed its Response on October 16, 2013.  ECF No. 60.  Midfirst asserted that pursuant to Ms. Roife's confirmed plan, Midfirst was to be paid in accordance with the terms of the parties' pre-petition contract, making Rule 3002.1 inapplicable.  ECF No. 60 at 1.  Moreover, Midfirst argued that in submitting its Fee Notice, it did, in fact, comply with Rule 3002.1.  ECF No. 60 at 2.  Midfirst alleged that it utilized Official Form B 10 as required by Fed. R. Bankr. P. 3002.1(d), and therefore there can be no allegation that it failed to properly itemize charges. Midfirst also alleged that Rule 3002.1 does not require that copies of bills, statements or fee slips be attached to the Fee Notice.  Midfirst admitted that $50.00 of the legal fees listed in the Fee Notice was charged for preparation of the Fee Notice.[2]

A hearing was held on October 31, 2013.  Ms. Roife's Exhibits 1 through 5 were admitted.  Midfirst's Exhibits 1 through 4 were admitted.  At the hearing, Midfirst argued that its counsel should be entitled to fees for the preparation of the Fee Notice.  Midfirst argued that unlike filing an annual escrow statement, which is an administrative function ordinarily carried out by the lending community, filing a Fee Notice pursuant to Rule 3002.1 is a unique process initiated by the Bankruptcy Code.  Midfirst further argued that under Rule 3002.1(i), a party may be sanctioned for failure to comply with Rule 3002.1, and that filing a Fee Notice is not merely

---

[2] The other $75.00 in legal fees was incurred on April 9, 2013 for the preparation and filing of the Notice of Mortgage Payment Change.  Midfirst's Exhibit 2.

an administrative function when sanctions are available for failure to comply with the Rule. Midfirst asserted that it was not required to provide specific documentation when filing a Fee Notice.  Rather, Midfirst alleged that it was entitled to file the Fee Notice and then provide documentation if the Fee Notice was disputed.  Ms. Roife did not challenge the legitimacy of the late charges.

### Analysis

Bankruptcy Rule 3002.1 provides in pertinent part that:

> "(a) In General. This rule applies in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan.
>
> (b) Notice of Payment Changes. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in payment amount…no later than 21 days before a new payment amount is due.
>
> (c) Notice of Fees, Expenses, and Charges.  The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence…
>
> (d) Form and Content.  A notice filed and served under subdivision (b) or (c) of this rule shall be prepared as prescribed by the appropriate Official Form, and filed as a supplement to the holders proof of claim.
>
> (i) Failure to Notify.  If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court shall, after notice and hearing…award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure."

**Applicability of Rule 3002.1**

As a threshold matter, the Court addresses Midfirst's contention that it is not subject to Rule 3002.1 because Midfirst was to be paid in accordance with the terms of the parties' pre-petition contract.  "Payments made outside of the plan" is the colloquial term used for describing payments made directly by a debtor.  "Payments made under a plan" is the colloquial term used to describe payments made through the chapter 13 trustee.  Courts are split on whether 11 U.S.C. § 1322(b)(5) and Rule 3002.1 apply when a creditor receives payments directly from a debtor, as opposed to receiving payments through the chapter 13 trustee.  *See e.g. Cloud v. CitiFinancial Inc. (In re Cloud)*, 2013 WL 441543 at *2 (Bankr. S.D. Ga. Jan. 31, 2013) (term "outside the plan" is misnomer as all payments made following confirmation of plan are paid pursuant to some provision of the plan) *but see In re Wallet*, 2012 WL 4062657 (Bankr. D. Vt. Sep. 14, 2012) (claim is not provided for under plan when payments made directly to lender).

The Fifth Circuit provided clarity on the meaning of the term "provided for by the plan" in *In re Foster*.  The Fifth Circuit held that a chapter 13 plan may, but need not, modify allowed secured claims.  *Foster v. Heitkamp (In re Foster)*, 670 F.2d 478, 488-489 (5th Cir. 1982).  The debtor therefore has the discretion to make a provision in a chapter 13 plan for an un-modified secured claim.  *Id*.  If the plan does not make a provision for the un-modified secured claim, the plan does not provide for the claim.  *Id*.  It follows that if a plan makes a provision for an un-modified secured claim, the plan provides for the claim.

Ms. Roife's plan provides that Midfirst will be paid in accordance with the parties' pre-petition contract.  Although the provision leaves the terms of the pre-petition contract unmodified, it nonetheless requires that Ms. Roife make payments to Midfirst on its claim.  As such, Midfirst is required to comply with Rule 3002.1.

**Entitlement to Legal Fees**

In *In re Boyd*, the debtors objected to a $50.00 charge for preparing a Fee Notice.  *In re Boyd*, 2013 WL 1844076 at *2 (Bankr. S.D. Tex. May 1, 2013).  The court in *Boyd* held that no fee should be charged to a debtor for filing the Fee Notice because a creditor has a duty under non-bankruptcy law to inform a debtor of amounts due under a mortgage.  *Id*.  The *Boyd* court relied primarily on *In re Carr*.  In *Carr*, the creditor filed a Notice of Postpetition Mortgage Fees, Expenses and Charges, and a Response to Notice of Final Cure Payment, both in response to the trustee's Notice of Final Cure Payments.[3]  *In re Carr*, 468 B.R. 806, 807 (Bankr. E.D. Va. 2012). Both were prepared and filed by the creditor's counsel, and counsel asserted a fee of $150.00 for the preparation of the two documents.  *Id*.  The *Carr* Court held that a Fee Notice is not a pleading, but a supplement to the creditor's proof of claim.  *Id*. at 808.  It can easily be derived from the creditor's records with no significant burden on the creditor.  *Id*.  It is a business function, akin to issuing a receipt for payments received under a chapter 13 plan.  *Id*.  Its preparation is not the practice of law and requires no legal analysis.  *Id*.

The Court agrees with the reasoning in *Boyd* and *Carr*.  Ms. Roife's objection to $125.00 in legal fees is sustained.  Midfirst admits that $50.00 of the legal fees listed was charged for the preparation of the Fee Notice. The additional $75.00 was charged for the preparation of the Notice of Mortgage Payment Change.  The rationale in *Carr* also applies to legal fees incurred in preparing the Notice of Mortgage Payment Change.  *See also In re Adams*, 2013 WL 1570054 (Bankr. E.D.N.C. May 3, 2012) (preparation of Notice of Mortgage Payment Change is a ministerial task—counsel failed to show that its preparation required assistance of attorney).  The

---

[3] The Fee Notice was filed in the claims register as a supplement to the proof of claim and the Response to the Notice of Final Cure Payment was filed in the court's docket. *In re Carr*, 468 B.R. at 807.

mere fact that sanctions may be imposed for incorrectly performing this task does not justify the award of fees.  Non-bankruptcy law provides penalties for failing to comply with the notice requirements of RESPA, but fees may not be charged for providing the statutorily required payment notices under RESPA.  *See* 12 U.S.C. §§ 2609 & 2610.

Ms. Roife's remaining objections are overruled.  The Court agrees that Midfirst properly completed Official Form B 10.  Midfirst provided the dates on which the late fees and legal fees were incurred.  No further itemization is required.  Midfirst was not required to submit supporting documentation with Form B 10, but only needed to provide the documentation on demand.  Ms. Roife does not dispute the validity of the late fees.

**Conclusion**

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **November 26, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE